Melinda M. Morton (Bar No. 209373)
E-mail:mindy.morton@procopio.com
Lyndsey C. Heaton (Bar No. 262883)
E-mail:lyndsey.heaton@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3000 El Camino Real
Five Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Jacob K. Poorman (Bar No. 262261)
E-mail:jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: 858.720.6300
Facsimile: 619.235.0398

Attorneys for Defendant
CUTERA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAILA FARHAT, an individual d/b/a JANA HEALTHCARE,<br><br>Plaintiff,<br><br>v.<br><br>CUTERA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:26-cv-05674-TSH<br><br>**DEFENDANT CUTERA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AND SECOND CAUSES OF ACTION OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 5, 2026<br>Time: 10:00 a.m.<br>Dept: Courtroom E – 15th Floor<br>Judge: Hon. Thomas S. Hixson |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 5th, at 10:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Thomas S. Hixson in the United States District Court,

Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom E, 15th Floor, Defendant Cutera, Inc. ("Cutera") will, and hereby does, move this Court for an order dismissing the First Cause of Action (Intentional Misrepresentation/Fraudulent Inducement) and Second Cause of Action (Promissory Fraud) of Plaintiff Laila Farhat's ("Plaintiff") First Amended Complaint ("FAC"), with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any further argument and evidence the Court may receive at or before the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Plaintiff's First Cause of Action for intentional misrepresentation/fraudulent inducement must be dismissed under Federal Rule of Civil Procedure 9(b) and *Ashcroft v. Iqb*al, 556 U.S. 662 (2009), because the FAC pleads falsity almost entirely "on information and belief," based on the inference that Cutera's post-sale silence and failure to deliver promised referrals and marketing support shows that its pre-sale representations about demand and referral infrastructure were false when made, rather than pleading particularized facts showing falsity at the time the representations were made.

2. Whether the First Cause of Action must independently be dismissed because Plaintiff cannot plausibly plead justifiable and reasonable reliance where Section 5.2 of the Master Terms and Conditions incorporated into the Purchase Agreement expressly disclaims any warranty or representation other than the Limited Warranty and states that the customer "has not relied upon any representation or warranty made by any person" except as specifically provided in that section, and Section 11 of the Master Terms is an integration clause superseding all prior oral representations concerning the subject matter of the Order.

3. Whether Plaintiff's Second Cause of Action for promissory fraud must be dismissed under Rule 9(b) and *Iqbal* because the FAC's allegations of Cutera's

contemporaneous intent not to perform its promises consist entirely of circumstantial, after-the-fact events (a sales representative's subsequent departure from Cutera and ordinary post-sale account transitions) that are equally consistent with non-fraudulent explanations and do not plausibly show fraudulent intent at the time the promises were made.

4. Whether dismissal of the First and Second Causes of Action should be with prejudice because Plaintiff has already amended once, the pleading defects arise from the terms of the parties' own written contract documents and the structure of Plaintiff's own "information and belief" allegations, and no further amendment can supply the particularized contemporaneous facts Rule 9(b) requires.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Laila Farhat, a New York primary care clinician doing business as Jana HealthCare, purchased a Secret RF microneedling device from Cutera, Inc. in June 2023. Her First Amended Complaint ("FAC") two of Plaintiff's five causes of action (for intentional misrepresentation/fraudulent inducement and promissory fraud) sound in fraud and are the subject of this motion. (FAC at pp. 1, 16–19.) Both fail as a matter of law under the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and both are independently barred by the express, bargained-for terms of the Purchase Agreement and incorporated Master Terms and Conditions that Plaintiff herself attaches to, and relies upon in, the FAC.

First, Plaintiff's fraud claims are not supported by particularized facts showing that Cutera's pre-sale representations concerning existing demand, competing providers, and referral infrastructure were false when made. Instead, the FAC concedes that its falsity allegations rest "on information and belief" and are inferred entirely from the fact that, in the months following the sale, Cutera did not identify demand data, enroll Jana HealthCare in a referral pipeline, or generate referrals. (FAC at ¶¶ 90–92.) That is precisely the kind of after-the-fact inference from

nonperformance that the Ninth Circuit and courts applying Rule 9(b) and *Iqbal* routinely reject as insufficient to plead fraud, because a company's failure to deliver promised results is equally consistent with poor execution, changed circumstances, or ordinary commercial disappointment as it is with an intent to deceive at the time of sale.

Second, and independently, Plaintiff cannot plausibly plead the justifiable and reasonable reliance that intentional misrepresentation requires. The FAC alleges that Section 5.2 of Cutera's Master Terms and Conditions — incorporated into the Purchase Agreement Plaintiff signed — expressly disclaims any warranty or representation other than the one-year Limited Warranty and states that the customer "has not relied upon any representation or warranty made by any person" except as specifically provided in that section, and that Section 11 is an integration clause superseding all prior oral representations. (FAC at ¶¶ 78–80.) Anticipating this defense, Plaintiff invokes *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.*, 55 Cal. 4th 1169 (2013), and California Civil Code section 1668 for the proposition that a non-reliance or integration clause cannot immunize a defendant from its own fraud as a matter of law. (FAC at ¶¶ 81–83.) That principle is sound, but it does not relieve Plaintiff of her burden to plead a plausible and particularized fraud claim in the first instance. *Riverisland* forecloses the argument that a non-reliance clause automatically defeats a fraud claim; it does not require a court to credit conclusory reliance allegations, disregard the specific terms of a contract Plaintiff signed and attached significance to, or ignore the implausibility of reasonable reliance on precisely the category of representation the contract identifies and disclaims.

Third, Plaintiff's promissory fraud claim suffers from the identical Rule 9(b) defect. The FAC's allegations of Cutera's contemporaneous intent not to perform its promises reduce to the facts that the Cutera sales representative left the company several weeks after the sale and that Plaintiff was thereafter redirected among several Cutera personnel. (FAC at ¶¶ 104–105.) Courts have consistently held that such circumstantial, after-the-fact facts (ordinary employee turnover and account transitions) do not permit a plausible inference of fraudulent intent at the time a promise was made, as opposed to a subsequent, non-fraudulent failure to perform.

Because these defects arise from the terms of the parties' own contract documents and the

structure of Plaintiff's own pleading, not from a correctable pleading omission,no further amendment can cure them. Plaintiff has already amended once and Cutera respectfully requests that the Court dismiss the First and Second Causes of Action with prejudice.

## II. STATEMENT OF FACTS

Plaintiff Laila Farhat is an individual who owns and operates Jana HealthCare, a primary care clinic in Brooklyn, New York, as her sole proprietorship. In May 2023, a Cutera sales representative, Sharon Burke, visited Plaintiff's office to solicit the sale of a Secret RF device, and on June 11, 2023, following a promotional event, Plaintiff and Cutera executed a written Purchase Agreement for one Secret RF device at a price of $75,000, plus freight and applicable tax.

The FAC alleges that, before Plaintiff signed the Purchase Agreement, Burke represented that there was "huge demand" for the Secret RF service with only one or two competing providers in Plaintiff's service area, and that Cutera maintained a patient-referral infrastructure that would generate direct referrals to Plaintiff's practice. (FAC at ¶¶ 90, 23–24.) Burke also allegedly promised that Cutera would provide direct patient referrals, ongoing account and rollout support, and her own continuing personal involvement in building Plaintiff's clientele. (FAC at ¶ 22.)

The Purchase Agreement incorporated Cutera's Master Terms and Conditions. Section 5.2 of those Terms, titled "Limited Warranty for Product Purchases," states that "Cutera makes no warranty or representation to Customer except for those expressly contained in this section," disclaims "all implied warranties," and provides that the "Customer acknowledges that it has not relied upon any representation or warranty made by any person, except as specifically provided in this section." Section 11 of the Master Terms states that the "Order (including these Terms) constitute[s] the entire agreement between the parties and supersede[s] any prior or contemporaneous agreements or representations, written or oral, concerning the subject matter of that Order." Section 8 further disclaims incidental, indirect, special, exemplary, punitive, or consequential damages and caps Cutera's aggregate liability at the amounts paid by the customer. (FAC at ¶¶ 78–80.)

Plaintiff does not allege that Burke's representations concerning demand, competing providers, or referral infrastructure appear anywhere in the Purchase Agreement or in any writing.

Rather, Plaintiff alleges that the general, pre-printed non-reliance and integration language in the Master Terms does not bar her fraud claims and does not render her reliance unreasonable as a matter of law, citing *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.*, 55 Cal. 4th 1169 (2013), and California Civil Code section 1668, and alleging that her assent to the Master Terms was itself procured by the same misrepresentations. (FAC at ¶¶ 81–83.)

As to falsity, the FAC does not allege any contemporaneous fact showing that Burke's representations were untrue when made. Instead, Plaintiff pleads that, over several months of post-sale communications with multiple Cutera personnel, Cutera never identified demand data, never enrolled Jana HealthCare in a referral pipeline, and never generated a company referral, and asks the Court to infer from that post-sale history, "on information and belief," that the pre-sale representations were false or materially misleading when made. (FAC at ¶¶ 90–92.)

As to Plaintiff's promissory fraud claim, the FAC alleges that Burke did not intend to perform her promises of continuing personal involvement and referral support at the time she made them. (FAC at ¶ 104.) The only facts offered in support of that allegation are that Burke stopped responding to Plaintiff and left Cutera in July 2023, several weeks after the June 11, 2023 sale, to take a position with a different medical-device company, and that Plaintiff was thereafter redirected among several other Cutera personnel, including John Hicks, who continued to communicate with Plaintiff about installation, training, marketing, and account issues through at least October 2023. (FAC at ¶ 105.)

Cutera did not provide a refund, exchange, rescission, or other complete remediation. (FAC at ¶¶ 93–94.) Plaintiff filed this action on June 11, 2026, later amending her Complaint to file the operative FAC on September 14, 2026.

## III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible only where the plaintiff pleads factual content permitting the reasonable inference that the defendant is liable; allegations that are merely consistent with liability, or that amount to "threadbare recitals of a cause of action's elements, supported by mere conclusory

statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Whether a complaint states a plausible claim is "context-specific, requiring the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Claims sounding in fraud are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged," and the pleading must set forth "an explanation as to why the statement or omission complained of was false or misleading." Id. Rule 9(b) applies with equal force to promissory fraud claims, which require particularized allegations of the promisor's intent not to perform at the time the promise was made. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1126–27 (9th Cir. 2009).

In ruling on a Rule 12(b)(6) motion, the Court may consider documents incorporated by reference in the complaint, including contracts the complaint quotes or on which the claim necessarily depends, without converting the motion into one for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine permits consideration of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (citation omitted). The Purchase Agreement and incorporated Master Terms and Conditions are properly considered here because the FAC quotes them extensively and each of Plaintiff's causes of action, including her fraud claims, depends on their terms.

## IV. ARGUMENT

### A. THE FIRST CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION FAILS TO PLEAD FALSITY WITH THE PARTICULARITY RULE 9(B) AND IQBAL REQUIRE

Under California law, the elements of intentional misrepresentation are: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Rule 9(b) requires a plaintiff to plead particularized facts establishing each element, including facts showing that the challenged representation was false when made. *Ves*s, 317 F.3d at 1106; *Kearns*, 567 F.3d at 1126–27 (affirming dismissal where plaintiff failed to plead "the who, what, when, where, and how" of the alleged fraud).

The FAC does not plead particularized facts showing that Burke's representations concerning demand, competing providers, and referral infrastructure were false when made in May and June 2023. Plaintiff instead pleads falsity "on information and belief," relying entirely on Cutera's conduct in the months after the sale: that Cutera never identified demand data to Plaintiff, never enrolled Jana HealthCare in a referral pipeline, and never generated a company referral. (FAC at ¶¶ 90–92.) A plaintiff may plead on information and belief only where the facts are peculiarly within the defendant's knowledge and the plaintiff sets forth the specific factual basis for the belief. See *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (permitting pleading on information and belief under Rule 9(b) only where the plaintiff states the facts on which the belief is founded). Even accepting that some information about Cutera's internal demand and referral data is peculiarly within Cutera's knowledge, the only "factual basis" the FAC offers for its belief is the absence of results after the sale — the same post-sale nonperformance that forms the basis of Plaintiff's separate breach of contract claim.

Courts routinely hold that a defendant's subsequent failure to perform, standing alone, does not permit a plausible inference that a pre-contract representation was false when made. "The mere fact that a defendant['s] promises were not kept or that its projections were not realized does not

establish that the defendant fraudulently induced the plaintiff to act." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985); *see also Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010) (conduct that "may be consistent with fraud" but is equally explained by "legitimate or illegitimate reasons" is insufficient to plead fraudulent intent). Here, Cutera's failure, months after the sale, to have identified demand data or generated referrals (FAC at ¶¶ 90–91) is equally consistent with poor post-sale execution, changed market conditions, an internal referral program that did not perform as hoped, or simple commercial disappointment, as it is with a representation that was knowingly false when Burke made it in May and June 2023. The FAC pleads no contemporaneous fact from that period that would permit the Court to draw the inference of falsity Plaintiff seeks, as opposed to merely a later, non-fraudulent failure to deliver.

Because the FAC's falsity allegations are, by its own terms, conclusory inferences from subsequent nonperformance rather than particularized facts showing falsity at the time of the representations, the First Cause of Action does not satisfy Rule 9(b) or the plausibility standard of *Iqbal*, 556 U.S. at 678, and must be dismissed.

### B. THE FIRST CAUSE OF ACTION IS INDEPENDENTLY BARRED BECAUSE PLAINTIFF CANNOT PLAUSIBLY PLEAD JUSTIFIABLE RELIANCE ON REPRESENTATIONS THE MASTER TERMS EXPRESSLY DISCLAIM

Justifiable reliance is an independent element of intentional misrepresentation that Plaintiff must plausibly plead. *Robinson Helicopter*, 34 Cal. 4th at 990. Section 5.2 of the Master Terms, which the FAC quotes and incorporates by reference, states that Cutera "makes no warranty or representation to Customer except for those expressly contained in this section," and that the customer "has not relied upon any representation or warranty made by any person, except as specifically provided in this section." Section 11 separately provides that the Order, including the Terms, "constitute[s] the entire agreement between the parties and supersede[s] any prior or contemporaneous agreements or representations, written or oral, concerning the subject matter of that Order." (FAC at ¶¶ 78–80.) Plaintiff does not dispute that she signed the Purchase Agreement incorporating these provisions. (FAC at ¶¶ 25–31.)

Anticipating this defense, the FAC invokes *Riverisland Cold Storage, Inc. v. Fresno-*

*Madera Production Credit Assn*., 55 Cal. 4th 1169 (2013), and California Civil Code section 1668, for the proposition that a non-reliance or integration clause cannot excuse a party from liability for its own fraud and does not render reliance unreasonable as a matter of law. *(FAC at ¶¶ 81–83.) Riverisland* held that the parol evidence rule does not bar evidence of fraud in the inducement merely because the alleged misrepresentation concerns a term later contradicted by a written, integrated contract, and that California Civil Code section 1668 voids contractual provisions that purport to exempt a party from liability for its own fraud. *Riverisland*, 55 Cal. 4th at 1182; Cal. Civ. Code § 1668. That ruling answers a different question than the one presented here. *Riverisland* forecloses a defendant from arguing that an integration or non-reliance clause categorically bars a fraud claim as a matter of contract law; it does not excuse a plaintiff from the separate, threshold burden of pleading a plausible and particularized fraud claim under Rule 9(b) and I*qbal* in the first place. See *Iqbal,* 556 U.S. at 678–79 (a court need not accept conclusory allegations even where a plaintiff's legal theory is otherwise sound).

Nor does *Riverisland* require a court to disregard the specific content of a disclaimer when assessing whether reliance is plausible. *Riverisland* itself recognized that its holding did not disturb the settled rule that reliance on an alleged misrepresentation must be reasonable, and that the specific terms of the parties' written agreement bear on that inquiry. 55 Cal. 4th at 1182 n.5. Where a sophisticated commercial buyer signs an agreement containing an express, specific disclaimer of reliance on exactly the category of representation now sued upon (here, representations concerning demand, referral infrastructure, and similar sales and marketing matters, as distinct from the one-year Limited Warranty the parties did negotiate) (FAC at ¶¶ 78–80, 90–91) courts have found that the existence and scope of the disclaimer bear directly on whether the plaintiff's alleged reliance was plausible at the pleading stage. See, e.g., *Bristol Bay Prods., LLC v. Lampack*, No. C 12-04338 WHA, 2013 WL 592292, at *4–*5 (N.D. Cal. Feb. 14, 2013) (a specific, negotiated non-reliance provision undermines the plausibility of a fraud claim premised on the very representations disclaimed, even though such a provision does not categorically bar the claim as a matter of law).

The FAC's conclusory assertion that Plaintiff's "assent" to the Master Terms was "itself procured by the same misrepresentations" does not save the claim. (FAC at ¶ 81.) A plaintiff

cannot escape a specific, bargained-for disclaimer merely by alleging in conclusory fashion that her agreement to the disclaimer was itself fraudulently induced; some particularized factual basis is required to plausibly allege that the disclaimer itself, as opposed to the underlying sale, was procured by fraud, and the FAC offers none beyond restating the same demand and referral representations at issue in the underlying transaction. Because the FAC's own allegations establish that Plaintiff signed an agreement expressly disclaiming reliance on precisely the category of representation she now sues upon, Plaintiff cannot plausibly plead justifiable reliance, and the First Cause of Action should be dismissed on this independent ground.

### C. THE SECOND CAUSE OF ACTION FOR PROMISSORY FRAUD FAILS TO PLEAD CONTEMPORANEOUS FRAUDULENT INTENT WITH PARTICULARITY

A claim for promissory fraud requires a plaintiff to plead, with the particularity Rule 9(b) demands, facts showing that the defendant made a promise without any intention of performing it at the time the promise was made. *Tenzer*, 39 Cal. 3d at 30; *Kearns*, 567 F.3d at 1126–27. "Something more than nonperformance is required to prove the defendant's intent not to perform his promise." *Tenzer*, 39 Cal. 3d at 30. Although fraudulent intent may be shown by circumstantial evidence, that evidence must be more than "the bare fact that the promised performance did not occur." *Id.*; *see also Shandong Yinguang*, 607 F.3d at 1034 (conduct "consistent with fraud" but equally explained by "legitimate or illegitimate reasons" does not plausibly show fraudulent intent); *Stretch-N-Grow of Am., Inc. v. Handy Kids USA Corp.*, No. 2:19-cv-02279, 2020 WL 1450582, at *5 (C.D. Cal. Mar. 25, 2020) (claims of promissory fraud "are almost automatically deficient where all one is able to plead is nonperformance").

The FAC's allegations of Cutera's contemporaneous intent not to perform reduce to two circumstantial facts: that Burke, the Cutera sales representative, stopped responding to Plaintiff and left Cutera for a position with a different medical-device company approximately five weeks after the June 11, 2023 sale, and that Plaintiff was thereafter redirected among other Cutera personnel who continued to communicate with her about installation, training, marketing, and account issues. (FAC at ¶¶ 104–105.) Neither fact plausibly shows that Burke lacked the intent to perform her

promises when she made them on June 11, 2023. An employee's subsequent voluntary departure from her employer, without more, is a routine commercial occurrence equally consistent with a change in personal or professional circumstances as with a scheme to defraud a customer conceived before the sale closed. *See Shandong Yinguang*, 607 F.3d at 1034. Likewise, the fact that Plaintiff's account was thereafter handled by other Cutera personnel (personnel who, on the FAC's own allegations, continued to engage with Plaintiff regarding training, marketing, and support for months afterward) is inconsistent with, rather than supportive of, an inference that Cutera as an institution never intended to perform the promises made through Burke.

The FAC pleads no contemporaneous fact from May or June 2023 (FAC at ¶¶ 102–105) that would permit a plausible inference of fraudulent intent at the time the promises were made, as opposed to a subsequent, non-fraudulent failure of execution of the kind that separately supports Plaintiff's breach of contract claim. Because "something more than nonperformance" is required and the FAC pleads nothing more, *Tenzer*, 39 Cal. 3d at 30, the Second Cause of Action fails under Rule 9(b) and Iqbal and should be dismissed.

### D. THE FIRST AND SECOND CAUSES OF ACTION SHOULD BE DISMISSED WITH PREJUDICE

Leave to amend should be denied where further amendment would be futile. A district court may deny leave to amend where "a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans*, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011); *accord Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (leave to amend should be granted "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (*citing Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

This is already Plaintiff's second attempt to plead these fraud theories, and the defects identified above are not the product of inartful drafting that additional detail could cure. The reliance defect arises from the express terms of the Purchase Agreement and Master Terms that Plaintiff herself signed, quoted, and attached significance to in the FAC — no further amendment can rewrite Section 5.2's disclaimer or Section 11's integration clause out of the contract, or

transform Plaintiff's conclusory "procured by fraud" assertion into a particularized allegation without contradicting the FAC's own account of the transaction. Further, Plaintiff has already told the Court, in her own words, that her falsity allegations rest on "information and belief" drawn from Cutera's post-sale conduct, and that the only facts she has to support Burke's contemporaneous intent are Burke's subsequent departure and the account transition that followed. Plaintiff has had two opportunities to identify any contemporaneous fact suggesting that the challenged representations were false, or that Burke's promises were made without intent to perform, when made. She has identified none, and there is no indication that any exists. Dismissal of the First and Second Causes of Action with prejudice is warranted.

## V. CONCLUSION

For the foregoing reasons, Cutera respectfully requests that the Court dismiss the First and Second Causes of Action of Plaintiff's First Amended Complaint, with prejudice.

DATED: September 29, 2026

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ *Lyndsey C. Heaton*
Melinda M. Morton
Jacob K. Poorman
Lyndsey C. Heaton

Attorneys for Defendant
CUTERA, INC.