Melinda M. Morton (Bar No. 209373)
E-mail:mindy.morton@procopio.com
Lyndsey C. Heaton (Bar No. 262883)
E-mail:lyndsey.heaton@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
3000 El Camino Real
Five Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: 650.645.9000
Facsimile: 619.235.0398

Jacob K. Poorman (Bar No. 262261)
E-mail:jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: 858.720.6300
Facsimile: 619.235.0398

Attorneys for Defendant
CUTERA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAILA FARHAT, an individual d/b/a JANA HEALTHCARE,<br><br>Plaintiff,<br><br>v.<br><br>CUTERA, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:26-cv-05674-TSH<br><br>**DECLARATION OF LYNDSEY C. HEATON IN RESPONSE TO ORDER TO SHOW CAUSE** |

I, Lyndsey C. Heaton, declare as follows:

1. I am an attorney admitted to practice before this Court and am counsel of record for Defendant Cutera, Inc. ("Cutera") in this action. I am a member of Procopio, Cory, Hargreaves & Savitch LLP. I submit this declaration in response to the Court's Order to Show Cause dated October 22, 2026 (ECF No. 25), concerning certain citations in Cutera's Motion to Dismiss the First and Second Causes of Action of Plaintiff's First Amended Complaint, filed September 29, 2026 (ECF No. 17) (the "Motion"). I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently to them.

2. First, I apologize to the Court for the inadvertent error, we take this matter very seriously and share the Court's concerns regarding hallucinated or otherwise incorrect legal authority. We understand the importance of reviewing and verifying authority, which was performed in this case but unfortunately an incorrect draft was filed.

3. In order to produce the initial draft of the Motion, I used Legora, a generative artificial intelligence drafting tool and provided the tool with case documents as well as exemplar motions to dismiss I had drafted in prior similar matters. I revised some of the language and then I sent the document to my assistant for formatting and caption insertion, etc. While the document was with my assistant for formatting, I separately put the case citations into Westlaw to pull the cases and review them in order to confirm that each case exists, that each citation was accurate, that the case was still good law, and that each case supported the proposition for which it was cited. That review led me to identify the citation issues described below and to adjust some of the other authority in order to cite to cases more directly supporting my points. I made those edits on the morning of September 29, 2026, and sent the updated version with revisions to the citations to my assistant with instructions to convert it to PDF and file it. A true and correct copy of the email I sent to my assistant on September 29, 2026 at 1:12p.m. (before the filing occurred) attaching the updated Motion with corrected citations is attached as Exhibit A.

4. Unfortunately, the version ultimately filed as ECF No. 17 does not reflect those updates and corrections. This resulted from an inadvertent error in version management: the document converted to PDF and filed was an earlier version that predated my updates and

replacements to authority, not the version I had sent at 1:12 p.m.. While the cited-authority review required before filing was in fact performed and the corrections below had already been made before the Motion was filed; the error was in which version was ultimately submitted. I apologize that I did not catch the difference between the final PDF that was filed and the updated, final version I had prepared and that a more-thorough review of the final PDF was not performed.

5. We regret the disturbance this error has caused the Court and opposing counsel, and appreciate the opportunity to correct the record.

6. Based on my review at the time the initial draft was generated and confirmed as I prepared this Declaration, the following citations in the filed Motion were inaccurate: and require correction.

- **Pag 10, lines 21-26**: the Motion cites *Bristol Bay Prods., LLC v. Lampack*, No. C 12-04338 WHA, 2013 WL 592292, at *4-*5 (N.D. Cal. Feb. 14, 2013), for the proposition that a specific, negotiated non-reliance provision undermines the plausibility of a fraud claim premised on the disclaimed representations. During my review on September 29th, I determined that a case by that name exists, but the correct citation is *Bristol Bay Productions, LLC v. Lampack* (Colo. 2013) 312 P.3d 1155 (Colo. 2013), a Colorado Supreme Court case. Once I determined that even if I corrected the citation, the authority would not be controlling or even very persuasive, I performed my own research and replaced the citation as indicated in the corrected motion to *Hinesley v. Oakshade Town Center* (2005) 135 Cal.App.4th 289, 303.
- **Page 11, lines 20-22**: the Motion cites "*Stretch-N-Grow of Am., Inc. v. Handy Kids USA Corp.*, No. 2:19-cv-02279, 2020 WL 1450582, at *5 (C.D. Cal. Mar. 25, 2020)" for the proposition that claims of promissory fraud are almost automatically deficient where all a plaintiff can plead is nonperformance. Upon my review on September 29th, I determined that that case name and citation were incorrect and I corrected the citation in my updated draft to *Stretch Lab Franchise, LLC v. Stretch Lab, LLC* (C.D. Cal., Mar. 4, 2019, No. CV 18-7816-GW(SSx)) 2019 WL 2279388, at *4.

7. Upon review in preparation of this Declaration, I have also identified a citation error on page 10, line 17 which cites to *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.*, 55 Cal. 4th 1169 (Cal. 2013), in a short cite as 55 Cal. 4th at 1182 n.5. This instead should cite to 55 Cal 4th at 1182-1183.

8. I have reviewed the remainder of the Motion and, apart from the items identified above, do not believe any other citation or representation requires correction. If further review identifies any additional issue, I will promptly supplement this declaration and notify the Court and opposing counsel.

9. A redline comparing the version of the Motion as filed against my September 29 corrected version is submitted with this declaration as Exhibit B. Following filing of this Declaration, Cutera will file a corrected version of the Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 27, 2026, at Berkeley, California.

/s/ *Lyndsey C. Heaton*
Lyndsey C. Heaton